In Re:
Beth Laurent

BK No:13-81478TML
Chapter 7

OBJECTION TO TRUSTEE FINAL REPORT

This is an objection to Trustees final report and application for compensation for Rockford Pain Center (see exhibit M). I am filing this report to object and stop the final report and application for compensation as filed by Attorney Trustee Stephen Balsley on April 29, 2019. Rockford Pain Center should have but did not bill Medicare for all medical bills on my behalf of myself for my workers compensation incident that happened on February 1, 2001. Rockford Pain Center was instructed to do so when I became a patient there.    I did file a workers compensation claim against the Winnebago School District #323 and I did receive from them an award settlement (see exhibit I).    The medical bills I am currently being held responsible for from Rockford Pain Center (see exhibits A-H) are bills that are dated between 2010-2012. Rockford Pain Center was provided with my Medicare medical insurance card for which they were to bill any charge as a result of my injury.    The workers compensation carrier Sandler Group though had stopped paying any and all claims on my behalf in or about 2003.    It appears that at some point in 2012 (see exhibit A) Rockford Pain Center decided on their own, without instruction, did stop filing my bills(see exhibit A-H). Then Rockford Pain Center decided instead and to hold me 100% personally responsible for all costs incurred after February 2012 (see exhibits A-H). I do not understand how Rockford Pain Center is allowed, and has been allowed, to do this. Rockford Pain Center was told to bill Medicare, and per Exhibit A, did receive check #96591 for $106.03 from Medicare and my account was then credited accordingly.    This shows Rockford Pain Center was well aware of Medicare and the proper billing guidelines for me. Also note on exhibit A-H there is a reference to Medicare as well as the Sandler Group as the person responsible for my medical care. Rockford Pain Center has instead filed with the bankruptcy court and are currently being paid with monies that are a result of my marriage settlement from my divorce in 2010.

It was brought to my attention on May 6, 2019 that the bankruptcy trustee Attorney Stephen Balsley had filed for the final report in my bankruptcy.    In that final report, my bankruptcy asset funds will be used once again to pay Claim #6 (see exhibit M).

FILED

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

MAY 15 2019

JEFFREY P. ALLSTEADT, CLERK
DEPUTY CLERK - JC

Per my workers compensation settlement agreement (see exhibit I) any funds given to me from it are for the settlement Medicare Set Aside Account Im required to maintain (see exhibit I) and the funds in that account cannot be used to pay past medical expenses. The only medical expenses that can be paid are future medical bills that means from August 6, 2014 (see exhibit I.) till present. To the date the bills that have been submitted and accepted by the courts are from Rockford Pain Center for services 2010-2012.

When I received the Order to Objection Claim 6-1 in March of 2015 from the trustee representing the bankruptcy courts at the time, which was a tardily filed claim against me, I did attempt to contact Rockford Pain Center to discuss the charges in March 2015.    I was attempting to represent myself and had the right to contact Rockford Pain Center directly regarding their claim. Then I can only assume, Rockford Pain Center contacted the bankruptcy trustee, Attorney Megan Heeg, and told Attorney Heeg that I contacted them regarding these bills.    Then sometime in 2015 Attorney Heeg emailed me and stated that I was attempting to "circumvent the bankruptcy court" and that she would bring charges against me if I attempted to contact Rockford Pain Center again (see exhibit K).

Once my workers compensation settlement was completed Attorney Heeg was made well aware of the settlement and the rules of the settlement that were set forth from it(see exhibit I). Yet it appears that Attorney Heeg did not then contact Rockford Pain Center informing them of the rules of that settlement (see exhibit I) and that the Medicare Set Aside account.

My objection is due to Rockford Pain Center not doing as told to by myself to bill Medicare and Attorney Megan Heeg not filing to disallow any and all claims filed against me with the courts for bills prior to the settlement date of August 6, 2014.I have no objection paying the balance after the proper Medicare adjustment have been made to these bills if the court wishes, but to date, they have not adjusted their bill to me at all.
I am now asking the courts to not only stop the final discharge of my debts, but to now allow me to be reimbursed in the amount of $29,534.10.

Respectfully Submitted and Prepared by:

Beth A. Laurent
Case no. 13 81478

Beth Laurent
1640 510th Street
Linn Grove, IA 51033
712-730-2213 cell phone

Mailed certified mail receipt requested on May 13, 2019:
Attorney Stephen Balsley
Barrick, Switzer, Long, Balsley & Van Evera, LLP
6833 Stalter Drive
Rockford, IL 61108

| Name of Debtor:<br><br>Beth Laurent | Case Number:<br><br>13 81478 | *Exhibit A-H* |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Rockford Pain Center (listed as Rockford Pain Management on Notice Of Surplus Funds)

Name and address where notices should be sent:
Rockford Pain Center
c/o Professional Billing Office
6785 Weaver Rd, Suite D, Rockford, IL 61114

Telephone number: (815) 633-8586   email: mhagan@pbo.com

Name and address where payment should be sent (if different from above):



Telephone number:   email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:   $_____ 32,899.41

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim:   Medical Debt
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br><br>7  9  6  3 | 3a. Debtor may have scheduled account as:<br><br>Rockford Pain Management<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>_____<br>(See instruction #3b) |

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ☐ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

Basis for perfection: _____

Amount of Secured Claim: $_____

Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$_____

**F I L E D**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

**DEC 19 2013**

KENNETH S. GARDNER, CLERK
DEPUTY CLERK   VG

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   Michele Hagan
Title:   Account Representative
Company:   Professional Billing Office
Address and telephone number (if different from notice address above):

_Michele Hagan_ (Signature)   _12-16-13_ (Date)

Telephone number:   email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

```
PATIENT....LAURENT,BETH               RESP. PTY..LAURENT,BETH
CASE #...                             ADDRESS....PO BOX 1331
CHARGE SRS.9860  WORKERS COMPENSATION ADDRESS....MAGDALENA, NM 87825
REF.DR...11407 THOMAS DAHLBERG MD     ADDRESS....
HOSPITAL...P3  ROCKFORD PAIN CENTER   R.P. PHONE.8155209038
ADMIT DATE.02/22/12                   ONSET DATE.  /  /
BALANCE....11420.00                   MARITAL ST.UNKNOWN
                     ,  --            SEX/REL....FEMALE/SELF
STMT.......*******                    NOTES......03
INSUR #s..     1683.
```

Information on last insurance filing:
CMS paper requested to 06497  THE SANDNER GROUP 155 N WACK
ER DR STE 3700 CHICAGO, IL 60606-1731; ID:            ⁻⁻; S
ubscr: Pt.; Amt $11420.00 DEPT:MMH FC:60

THE SANDNER GROUP     FILED ON 05/09/13
155 N WACKER DR STE 3700
CHICAGO, IL 60606-1731

*Exhibit A* (handwritten)

```
INSURANCE #1  CODE: 06497             ID/MEDICARE:
NAME: THE SANDNER GROUP               GROUP/POLICY:
ADDR: 155 N WACKER DR STE 3700        POE :
ADDR: CHICAGO, IL 60606-1731          ADDR:
ADDR:                                 ADDR:
SUBS: LAURENT,BETH                    ASSIGN? N    ATTACH? N   FILE? Y
RELTN: 1     -----------------------------------------------------------
```

| DATE | DR | CRNA | FAC | PROC # | DESCRIPTION | AMOUNT |
|------|-----|------|-----|--------|-------------|--------|
| 02/22/12 | 830 | 830 | OFF | 62369 | ANALYSIS PROG PUMP/REPRO/REFIL | 1001.00 |
| | | | | DX: | ^338.29^337.20 | |
| 02/22/12 | 830 | 830 | OFF | A4550 | EPIDURAL SURGICAL TRAY | 179.00 |
| | | | | DX: | ^338.29^337.20 | |
| 02/22/12 | 830 | 830 | OFF | J3490-KD | PAIN PUMP REFILLS | 9600.00 |
| | | | | PS: | COMPOUNDED DRUG - SEE INVOICE | |
| | | | | DX: | ^338.29^337.20 | |
| 03/06/12 | 830 | 830 | OFF | 99214-25 | EST PT EXTENDED 25 | 153.00 |
| | | | | DX: | ^337.20^V53.09 | |
| 03/06/12 | 830 | 830 | OFF | 62368 | EVAL. OF IMPLANTED PUMP | 167.00 |
| | | | | DX: | ^337.20^V53.09 | |
| 03/13/12 | 830 | 830 | OFF | 99214-25 | EST PT EXTENDED 25 | 153.00 |
| | | | | DX: | ^337.20^V53.09 | |
| 03/13/12 | 830 | 830 | OFF | 62368 | EVAL. OF IMPLANTED PUMP | 167.00 |
| | | | | DX: | ^337.20^V53.09 | |

                              BALANCE   ***** 11420.00

```
PATIENT....LAURENT,BETH              RESP. PTY..LAURENT,BETH
CASE #...                            ADDRESS....PO BOX 1331
CHARGE SRS.9860  WORKERS COMPENSATION ADDRESS....MAGDALENA, NM 87825
REF.DR...11407 THOMAS DAHLBERG MD    ADDRESS....
HOSPITAL...P3  ROCKFORD PAIN CENTER  R.P. PHONE.8155209038
ADMIT DATE.10/24/11                  ONSET DATE. /  /
BALANCE....10188.00                  MARITAL ST.UNKNOWN
                                     SEX/REL....FEMALE/SELF
STMT.......*******                   NOTES......03
INSUR #s...    l683
```

```
          Information on last insurance filing:
          CMS paper requested to MISC. SANDER GROUP; ‾
            Subscr: Pt.; Amt $10188.00 DEPT:MMH FC:60

               FILED ON 05/09/13
```

*Exhibit B*

```
INSURANCE #1  CODE: 02880            ID/MEDICARE: CLM#
NAME: HINZ CLAIM MANAGEMENT          GROUP/POLICY:
ADDR: 525 W MONROE #2400             POE :
ADDR: CHICAGO, IL 60661-3685         ADDR:
ADDR:                                ADDR:
SUBS: LAURENT,BETH                   ASSIGN? N    ATTACH? N   FILE? Y
RELTN: 1   ---------------------------------------------------------
```

```
DATE      DR  CRNA FAC   PROC #   DESCRIPTION                  AMOUNT
10/24/11  830 830  OFF   62368    EVAL. OF IMPLANTED PUMP      167.00
                       DX: ^338.4^V53.09^V53.02
10/24/11  830 830  OFF   95990    SPIN/BRAIN PUMP REFILL & MAIN 262.00
                       DX: ^338.4^V53.09^V53.02
10/24/11  830 830  OFF   A4550    EPIDURAL SURGICAL TRAY       159.00
                       DX: ^338.4^V53.09^V53.02
10/24/11  830 830  OFF   J3490    GABAPENTIN 60MG             9600.00
                       PS: UNITS= 40
                       DX: ^338.4^V53.09^V53.02

                                   BALANCE   ***** 10188.00
```

```
PATIENT....LAURENT,BETH          RESP. PTY..LAURENT,BETH
CASE #....                       ADDRESS....PO BOX 1331
CHARGE SRS.9860  WORKERS COMPENSATION  ADDRESS....MAGDALENA, NM 87825
REF.DR...11407 THOMAS DAHLBERG MD  ADDRESS....
HOSPITAL...P3  ROCKFORD PAIN CENTER  R.P. PHONE.8155209038
ADMIT DATE.03/21/12              ONSET DATE.  /  /
BALANCE....  712.00              MARITAL ST.UNKNOWN
                                 SEX/REL....FEMALE/SELF
STMT.......*******               NOTES......03
INSUR #s..     1683.
```

          Information on last insurance filing:
          CMS paper requested to 06791  HINZ INC 525 W MONROE ST STE
           2400 CHICAGO, IL 60661; ID:          Grp: ATTN: EMIL
          EE SCHOFIELD; Subscr: Pt.; Amt $712.00 DEPT:MMH FC:60

          HINZ INC      FILED ON 05/09/13
          525 W MONROE ST STE 2400
          CHICAGO, IL 60661

```
INSURANCE #1  CODE: 06791        ID/MEDICARE:
NAME: HINZ INC                   GROUP/POLICY: ATTN: EMILEE SCHOFIELD
ADDR: 525 W MONROE ST STE 2400   POE :
ADDR: CHICAGO, IL 60661          ADDR:
ADDR:                            ADDR:
SUBS: LAURENT,BETH               ASSIGN? N    ATTACH? N   FILE? Y
RELTN: 1  ---------------------------------------------------------
```

| DATE | DR | CRNA | FAC | PROC # | DESCRIPTION | AMOUNT |
|------|-----|------|-----|--------|-------------|--------|
| 03/21/12 | 830 | 830 | OFF | 99214-25 | EST PT EXTENDED 25 | 153.00 |
|  |  |  |  | DX: ^337.20 |  |  |
| 03/21/12 | 830 | 830 | OFF | 76000 | FLUOROSCOPY | 559.00 |
|  |  |  |  | DX: ^337.20 |  |  |

                                     BALANCE   *****   712.00

```
PATIENT....LAURENT,BETH            RESP. PTY..LAURENT,BETH
CASE #....                         ADDRESS....PO BOX 1331
CHARGE SRS.9860  WORKERS COMPENSATION   ADDRESS....MAGDALENA, NM 87825
REF.DR...11407 THOMAS DAHLBERG MD  ADDRESS....
HOSPITAL...P3  ROCKFORD PAIN CENTER  R.P. PHONE.8155209038
ADMIT DATE.12/21/11                ONSET DATE.  /  /
BALANCE....10188.00                MARITAL ST.UNKNOWN
                                   SEX/REL....FEMALE/SELF
STMT......*******                  NOTES......03
INSUR #s..    1683
```

```
          Information on last insurance filing:
          CMS paper requested to 06497  THE SANDNER GROUP 155 N WACK
          ER DR STE 3700 CHICAGO, IL 60606-1731; ID: '        S
          ubscr: Pt.; Amt $10188.00 DEPT:MMH FC:60

          THE SANDNER GROUP      FILED ON 05/09/13
          155 N WACKER DR STE 3700
          CHICAGO, IL 60606-1731
```

*Exhibit D*

```
INSURANCE #1  CODE: 06497          ID/MEDICARE:
NAME: HINZ CLAIM MANAGEMENT        GROUP/POLICY:
ADDR: 155 N WACKER DR STE 3700     POE :
ADDR: CHICAGO, IL 60606-1731       ADDR:
ADDR:                              ADDR:
SUBS: LAURENT,BETH                 ASSIGN? N    ATTACH? N  FILE? N
RELTN: 1  -----------------------------------------------------
```

```
DATE       DR  CRNA FAC   PROC #  DESCRIPTION                     AMOUNT
12/21/11  830 830  OFF  62368   EVAL. OF IMPLANTED PUMP           167.00
                       DX: ^338.29^V53.09^V53.02
12/21/11  830 830  OFF  95990   SPIN/BRAIN PUMP REFILL & MAIN     262.00
                       DX: ^338.29^V53.09^V53.02
12/21/11  830 830  OFF  A4550   EPIDURAL SURGICAL TRAY            159.00
                       DX: ^338.29^V53.09^V53.02
12/21/11  830 830  OFF  J3490-KD PAIN PUMP REFILLS              9600.00
                       PS: ^COMPUNDED DRUG- SEEE ATTACHED INVOICE
                       DX: ^338.29^V53.09^V53.02

                                   BALANCE   ***** 10188.00
```

```
PATIENT....LAURENT,BETH A          RESP. PTY..LAURENT,BETH A
CASE #....                         ADDRESS....PO BOX 1331
CHARGE SRS.60  WORKERS COMPENSATION  ADDRESS....MAGDALENA, NM 87825
REF.DR...11407 THOMAS DAHLBERG MD  ADDRESS....
HOSPITAL...RO ROCKFORD MEMORIAL HOSPIT R.P. PHONE.8156335797
ADMIT DATE.02/20/12                ONSET DATE.  /  /
BALANCE....   26.41                MARITAL ST.UNKNOWN
                                   SEX/REL....FEMALE/SELF
STMT......*******                  NOTES......03
INSUR #s...   ·1683
```

```
          Information on last insurance filing:
          CMS paper requested to 06497  THE SANDNER GROUP 155 N WACK
          ER DR STE 3700 CHICAGO, IL 60606-1731; ID:       ; Subscr
          : Pt.; Amt $26.41 DEPT:MMH FC:60

          THE SANDNER GROUP      FILED ON 05/09/13
          155 N WACKER DR STE 3700
          CHICAGO, IL 60606-1731
```

*Exhibit E* (handwritten)

```
INSURANCE #1  CODE: 06497          ID/MEDICARE: ¨
NAME: THE SANDNER GROUP            GROUP/POLICY:
ADDR: 155 N WACKER DR STE 3700     POE :
ADDR: CHICAGO, IL 60606-1731       ADDR:
ADDR:                              ADDR:
SUBS: LAURENT,BETH A               ASSIGN? N    ATTACH? N  FILE? Y
RELTN: 1  ------------------------------------------------------------
```

```
DATE      DR  CRNA FAC  PROC #    DESCRIPTION                     AMOUNT
02/20/12  830 830  OUT  99215-25  EST PT COMPREHENSIVE 40         245.00
                        DX: ^337.20
          03/14/12 ERA  R  MEDICARE PAYMENT    Ck#96591   106.03   84.82-
          03/14/12 ERA  G  MEDICARE ADJ        Ck#96591     .00   138.97-
                                               Charge balance -------->  21.21

02/20/12  830 830  OUT  99144     MODERATE SEDATION 5 YRS UP      126.00
                        DX: ^337.20
          03/14/12 ERA  R  MEDICARE PAYMENT    Ck#96591    25.98   20.78-
          03/14/12 ERA  G  MEDICARE ADJ        Ck#96591     .00   100.02-
                                               Charge balance -------->   5.20

02/20/12  830 830  OUT  99145     MODERATE SEDATION ADDL 15MIN    510.00
                        DX: ^337.20
          04/09/12 MMH  G  MEDICARE ADJ        Ck#00000     .00   510.00-
                                               Charge balance -------->    .00

03/14/12  CHK:          ERA  Y    COI-mcare Coins:$26.41            .00

                                        BALANCE   *****    26.41
```

```
--------------------------------------------------------------------------
PATIENT....LAURENT,BETH               RESP. PTY..LAURENT,BETH
CASE #.....                           ADDRESS....PO BOX 1331
CHARGE SRS.9860  WORKERS COMPENSATION ADDRESS....MAGDALENA, NM 87825
REF.DR...01162 KIMBERLY S HEDEGAARD NP ADDRESS....
HOSPITAL...P3  ROCKFORD PAIN CENTER   R.P. PHONE.8155209038
ADMIT DATE.03/22/12                   ONSET DATE.  /  /
BALANCE....  153.00                   MARITAL ST.UNKNOWN
                                      SEX/REL....FEMALE/SELF
STMT.......*******                    NOTES......03
INSUR #s...    1683
```

Information on last insurance filing:
CMS paper requested to 06497  THE SANDNER GROUP 155 N WACK
ER DR STE 3700 CHICAGO, IL 60606-1731; ID:          S
ubscr: Pt.; Amt $153.00 DEPT:MMH FC:60

THE SANDNER GROUP       FILED ON 05/09/13
155 N WACKER DR STE 3700
CHICAGO, IL 60606-1731

*Exhibit F*

```
INSURANCE #1  CODE: 06497             ID/MEDICARE: CLM#
NAME: THE SANDNER GROUP               GROUP/POLICY:
ADDR: 155 N WACKER DR STE 3700        POE :
ADDR: CHICAGO, IL 60606-1731          ADDR:
ADDR:                                 ADDR:
SUBS: LAURENT,BETH                    ASSIGN? N    ATTACH? N   FILE? Y
RELTN: 1  ----------------------------------------------------------------
```

```
DATE        DR  CRNA FAC   PROC #    DESCRIPTION                  AMOUNT
03/22/12   831  831  OFF   99214     EST PT EXTENDED 25           153.00
                          DX: ^V72.84

                                     BALANCE   *****    153.00
```

```
-----------------------------------------------------------------------------
PATIENT....LAURENT,BETH              RESP. PTY..LAURENT,BETH
CASE #.....                          ADDRESS....PO BOX 1331
CHARGE SRS.60  WORKERS COMPENSATION  ADDRESS....MAGDALENA, NM 87825
REF.DR...01162 KIMBERLY S HEDEGAARD NP ADDRESS....
HOSPITAL...P3 ROCKFORD PAIN CENTER   R.P. PHONE.8155209038
ADMIT DATE.02/22/12                  ONSET DATE.  /  /
BALANCE....  106.00                  MARITAL ST.UNKNOWN
                                     SEX/REL....FEMALE/SELF
STMT......*******                    NOTES......03
INSUR #s..    1683
```

Information on last insurance filing:
CMS paper requested to 06497 THE SANDNER GROUP 155 N WACK
ER DR STE 3700 CHICAGO, IL 60606-1731; ID·            5; S
ubscr: Pt.; Amt $106.00 DEPT:MMH FC:60

```
THE SANDNER GROUP       FILED ON 05/09/13
155 N WACKER DR STE 3700
CHICAGO, IL 60606-1731
```

*Exhibit G*

```
INSURANCE #1  CODE: 06497            ID/MEDICARE:
NAME: THE SANDNER GROUP              GROUP/POLICY:
ADDR: 155 N WACKER DR STE 3700       POE :
ADDR: CHICAGO, IL 60606-1731         ADDR:
ADDR:                                ADDR:
SUBS: LAURENT,BETH                   ASSIGN? N    ATTACH? N  FILE? Y
RELTN: 1 -----------------------------------------------------------------
```

```
DATE      DR  CRNA FAC   PROC #    DESCRIPTION                    AMOUNT
02/22/12  831 831  OFF   99213-25  EST PT INTERMEDIATE 15         106.00
                            DX: ^338.29^337.21^337.22

                                   BALANCE    *****    106.00
```

```
-----------------------------------------------------------------------------
PATIENT....LAURENT,BETH              RESP. PTY..LAURENT,BETH
CASE #....                           ADDRESS....PO BOX 1331
CHARGE SRS.9860  WORKERS COMPENSATION ADDRESS....MAGDALENA, NM 87825
REF.DR...01162 KIMBERLY S HEDEGAARD NP ADDRESS....
HOSPITAL...P3  ROCKFORD PAIN CENTER  R.P. PHONE.8155209038
ADMIT DATE.12/21/11                  ONSET DATE. /  /
BALANCE.... 106.00                   MARITAL ST.UNKNOWN
                                     SEX/REL....FEMALE/SELF
STMT......*******                    NOTES......03
INSUR #s...344701683A
```

```
         Information on last insurance filing:
         CMS paper requested to 06497  THE SANDNER GROUP 155 N WACK
         ER DR STE 3700 CHICAGO, IL 60606-1731; ID: ‾  ·     ‾‾‾; S
         ubscr: Pt.; Amt $106.00 DEPT:MMH FC:60

         THE SANDNER GROUP      FILED ON 05/09/13
         155 N WACKER DR STE 3700
         CHICAGO, IL 60606-1731
```

```
INSURANCE #1  CODE: 06497            ID/MEDICARE:
NAME: HINZ CLAIM MANAGEMENT          GROUP/POLICY:
ADDR: 155 N WACKER DR STE 3700       POE :
ADDR: CHICAGO, IL 60606-1731         ADDR:
ADDR:                                ADDR:
SUBS: LAURENT,BETH                   ASSIGN? N    ATTACH? N   FILE? Y
RELTN: 1  -------------------------------------------------------------
```

```
DATE       DR  CRNA FAC   PROC #    DESCRIPTION                 AMOUNT
12/21/11  831  831  OFF   99213-25  EST PT INTERMEDIATE 15      106.00
                              DX:  ^338.29^337.21^337.22

                                         BALANCE  *****   106.00
```

ATTENTION. Please type or print. Answer all questions. File four copies of this form. Attach a recent medical report.

Workers' Compensation Act ☒  Occupational Diseases Act ☐   Fatal case? No ☒  Yes ☐  Date of death

**Beth A. (Moore) Laurent**
Employee/Petitioner                                    Case # __01 WC 50682; 10 WC 36692__

v.

**Winnebago CUSD 323**                    Setting __Rockford__
Employer/Respondent

*Exhibit I*

To resolve this dispute regarding the benefits due the petitioner under the Illinois Workers' Compensation or Occupational Diseases Act, we offer the following statements. We understand these statements are not binding if this contract is not approved.

**Beth A. (Moore) Laurent**           **P.O. Box 1331**            **Magdalena, NM  87825-1331**
Employee's name                   Street address              City, State, Zip code

**Winnebago School Dist. 323**        **304 E. McNair Road, Winnebago, IL 61088**
Employer's name                  Street address              City, State, Zip code

State Employee? Yes ☐ No ☒   Male ☐ Female ☒   Married ☐ Single ☒

# Dependents under age 18 - none     Birthdate 2/7/66     Average weekly wage $392.12

Date of accident 2/6/01

How did the accident occur? __Slip and fall at work__

What part of the body was affected? __Left leg/knee__

What is the nature of the injury? __Aggravation of patellofemoral chondrosis and malalignment of patella with subsequent development of chronic regional pain syndrome__

The employer was notified of the accident orally ☒  in writing ☐.        Return-to-work date

Location of accident Winnebago, IL   Did the employee return to his or her regular job? Yes ☐  No ☒
If not, explain below and describe the type of work the employee is doing, the wage earned, and the current employer's name and address.

**TEMPORARY TOTAL DISABILITY BENEFITS:** Compensation was paid for various weeks at the rate of $219.41 /week.

The employee was temporarily totally disabled from various weeks from 8/22/01 to 4/18/05.

**MEDICAL EXPENSES:** The employer has ☐ has not ☒ paid all medical bills. List unpaid bills in the space below.

Respondent bears no liability for payment of medical expenses except as specifically stated in terms of settlement.

**PREVIOUS AGREEMENTS:** Before the petitioner signed an *Attorney Representation Agreement*, the respondent or its agent offered in writing to pay the petitioner $ N/A as compensation for the permanent disability caused by this injury.

An arbitrator or commissioner of the Commission previously made an award on this case on N/A regarding

TTD $ N/A   Permanent disability $ N/A   Medical expenses $ N/A   Other $ N/A

IC5 11/11  100 W. Randolph Street  #8-200  Chicago, IL 60601  312/814-6611   Toll-free 866/352-3033   Web site: www.iwcc.il.gov
Downstate offices: Collinsville 618/346-3450   Peoria 309/671-3019   Rockford 815/987-7292   Springfield 217/785-7084
Disclosure of this information to the Commission is done voluntarily under 820 ILCS 305/6(b).

SEE ATTACHED RIDER

Total amount of settlement          $ <u>137,500.00</u>
Deduction: Attorney's fees          $ 38,241.76
Deduction: Medical reports, X-rays   $
Deduction: Other (explain)          $ 10,868.31
Amount employee will receive        $ 99,258.24

**PETITIONER'S SIGNATURE.** *Attention, petitioner. Do not sign this contract unless you understand all of the following statements.*
I have read this document, understand its terms, and sign this contract voluntarily. I believe it is in my best interests for the Commission to approve this contract. I understand that I can present this settlement contract to the Commission in person. I understand that by signing this contract, I am giving up the following rights:

    1.  My right to a trial before an arbitrator;
    2.  My right to appeal the arbitrator's decision to the Commission;
    3.  My right to any further medical treatment, at the employer's expense, for the results of this injury;
    4.  My right to any additional benefits if my condition worsens as a result of this injury.

|  | Beth A. (Moore) Laurent |  |  |
|---|---|---|---|
| Signature of petitioner | Name of petitioner (please print) | Telephone number | Date |

| **PETITIONER'S ATTORNEY.** I attest that any fee petitions on file with the IWCC have been resolved. Based on the information reasonably available to me, I recommend this settlement contract be approved. | **RESPONDENT'S ATTORNEY.** The respondent agrees to this settlement and will pay the benefits to the petitioner or the petitioner's attorney, according to the terms of this contract, promptly after receiving a copy of the approved contract. |
|---|---|

|  |  |  | 7/28/14 |
|---|---|---|---|
| Signature of attorney | Date | Signature of attorney or agent | Date |
| Jim Black |  | Jeffrey L. Salisbury |  |
| Attorney's name and IC code # (please print) |  | Attorney's name and IC code # or agent (please print) |  |
| The Law Office of Jim Black |  | Wiedner & McAuliffe, Ltd (560). |  |
| Firm name |  | Firm name |  |
| 308 West State Street, Suite 300 |  | 1639 North Alpine Road, Suite 300 |  |
| Street address |  | Street address |  |
| Rockford, IL 61101 |  | Rockford, IL  61107 |  |
| City, State, Zip code |  | City, State, Zip code |  |
| 815 967 9000     jblack@jimblacklaw.com |  | 815 227 4300     jlsalisbury@wmlaw.com |  |
| Telephone number     E-mail address |  | Telephone number     E-mail address |  |
|  |  | **The Sandner Group** |  |
|  |  | Name of respondent's insurance or service company (please print) |  |

**ORDER OF ARBITRATOR OR COMMISSIONER:**
Having carefully reviewed the terms of this contract,
in accordance with Section 9 of the Act, by my stamp
I hereby approve this contract, order the respondent
to promptly pay in a lump sum the total amount of
settlement stated above, and dismiss this case.
IC5  page 2

SETTLEMENT CONTRACT LUMP SUM PETITION AND ORDER

Beth A. Moore (Laurent),
    Employee - Petitioner

CASE NO: 01 WC 50682; 10 WC 36692

Winnebago CUSD 323
    Employer - Respondent

## TERMS OF SETTLEMENT:

Respondent offers and petitioner accepts the sum of $137,500.00, in full and final settlement of any and all claims, known or unknown, including all claims for specific loss, temporary total compensation, unpaid and disputed medical expenses, future medical expenses or compensation pursuant to Sections 8(d)1, 8(d)2 or 8(f) of the Act, which might or could be filed by Petitioner against Respondent, and including any predecessors, successors, parents, affiliates, related or subsidiary companies, divisions, partnerships, joint ventures, assigns, insurers, excesses insurers, reinsurers, underwriters, indemnitors, present and/or former administrators, directors, officers executive officers, representatives, agents attorneys, employees, servants, and heirs and/or person or entities for which Respondent may have liability herein, hereinafter collectively referred to as "Released Parties", subject to approval by the Workers' Compensation Commission, resulting from said alleged accident of 2/6/01 and any other accident, injury or aggravation of a pre-existing condition arising out of and in the course of her employment with respondent to the date she signed this contract, involving alleged disability to her left leg, and subsequent development of chronic regional pain syndrome. This general release includes but is not limited to the injury allegedly incurred on 2/6/01. All statutory rights of review, including but not limited to the rights under Sections 8(a) and 19(h) of the Act, are expressly and mutually waived. Based upon petitioner's anticipated life expectancy of an additional __34.5__ years, according to the CDC Table 1, life table for the total population, and after deducting attorney's fees of $27,500.00__ and expenses of $10,741.76__, the $137,500.00 consideration for compensation represents a monthly payment to petitioner of $ 239.75 . Liability, causality, necessity and propriety of certain medical care, and nature and extent of permanent disability are the matters in issue. This settlement shall not be construed as a commutation of or a substitute for periodic payments; rather it represents a compromise of each disputed issue and has been effected to terminate litigation.

The parties recognize their responsibility to consider Medicare's interests in future medical expenses relating to the above-referenced claim. Medicare has issued a letter dated 8/11/10 determining that $328,403.00 adequately considers Medicare's interests. As additional consideration to that referenced above, respondent agrees to fund a Medicare Set-Aside Account in the amount of $328,403.00, a copy of which agreement is attached hereto as "Exhibit A". Petitioner agrees to execute such further documentation as may be reasonably required to accomplish the purposes of funding the MSA, including but not necessarily limited to a Medicare Set-Aside Rider to Settlement Contract, Exhibit "B", Qualified Assignment and Release Agreement, Exhibit "C" (with Addendum), and Annuitant's Information Sheet, Exhibit "D".

Petitioner further acknowledges that disputes exist with regard to past and future medical expenses, and that respondent bears no liability for payment of any medical expenses, past of future, with the sole exception of medical expenses to be covered and paid pursuant to the terms of the

Illinois Department of Healthcare and Family Services.

Respondent further agrees to satisfy a claim for conditional payments by CMS/COB & R in the amount of $18,852.40 pursuant to correspondence dated April 4, 2014, a copy of which is attached hereto as Exhibit "E", or as may be finally determined by CMS/COB&R after submission of the final settlement documentation. Nothing herein contained shall preclude respondent from compromising or disputing the final determination of CMS/COB&R if in excess of the amount claimed in the April 4, 2014 letter referenced above.

Respondent further agrees to satisfy a claim by the Illinois Department of Healthcare and Family Services in the amount of $311.39, directly with that provider.


Beth A. Moore (Laurent)
Petitioner


Jim Black
Attorney for Petitioner


Jeffrey L. Salisbury
Attorney for Respondent

## TERMS AND CONDITIONS FOR BENEFICIARY ADMINISTERED
## MEDICARE SET-ASIDE ACCOUNT

Employee: Beth A. Moore
HIC #: *****1683
Injury: Left lower extremity, lumbar spine and pain
Employer: Winnebago CUSD

Federal regulations provide that the liability for work-related injury lifetime medical expenses should not be shifted to Medicare from the responsible party. Accordingly, a portion of a Medicare beneficiary's workers' compensation settlement must be set aside to pay for the beneficiary's future work-related injury or illness medical expenses. 42 C.F.R. § 411.46. Federal regulations also provide that Medicare will not pay for any medical expenses for the work-related injury or illness, after a workers' compensation settlement is received, until the amount of the lump sum settlement allocated to future medical expenses is exhausted. *Id.*

Consequently, in order to comply with the applicable federal regulations and to reasonably recognize Medicare's interests, the Employee will use an initial deposit of $40,563.00 to seed the MSA and annual periodic payments of $8,224.00 beginning August 15, 2015, payable for 35 years, only if Beth Moore is living, for Medicare Set-Aside expenses, payable to Beth Moore ("Payee") to fund a Medicare Set-Aside Account. After adhering to the following terms and conditions in administering the Set-Aside Account, then, when all the set-aside funds are depleted in a year and a satisfactory final accounting has been provided to the Centers for Medicare & Medicaid Services, (CMS), Medicare will pay for any Medicare covered medical treatment received as a result of the injury sustained at work until the scheduled date for the subsequent year's deposit into the set-aside account. However, failure to adhere to any of the following terms and conditions, CMS may regard such a default as a failure to reasonably recognize Medicare's interests and may deny Medicare coverage for all medical treatments due to his/her work-related injuries. The terms and conditions are as follows.

   Initial Set-Aside Account Funding – The Medicare Set-Aside Account shall initially be funded with $40,563.00 to seed the MSA and annual periodic payments of $8,224.00 beginning August 15, 2015, payable for 35 years, only if Beth Moore is living, for Medicare Set-Aside expenses, payable to Beth Moore ("Payee") for Medicare Set-Aside expenses, from the settlement of the workers' compensation lawsuit. This account shall be a separate account from your personal savings or checking account.

1.   Set-Aside Account Interest Income - The Medicare Set-Aside funds shall be placed in an interest bearing account that is insured by the Federal Deposit Insurance Corporation. A copy

of the documents establishing the Medicare Set-Aside Account shall be sent to CMS within 30 days of the workers' compensation settlement award being disbursed.

2.  Distribution of the Set-Aside Account Funds - The funds in the Medicare Set-Aside Account shall be used solely for legitimate medical expenses incurred for those medical needs related to or resulting from your work-related injury, which would otherwise be reimbursable or paid for by Medicare. Funds in the Medicare Set-Aside Account shall not be used to pay for medical services not covered by Medicare. A copy of the booklet, "Medicare & You," can be obtained from your local Social Security office for a list of services not covered by Medicare. If there are any questions concerning what Medicare covers, please call 1-800-MEDICARE.

3.  Set-Aside Account Interest Income - All interest earned on the Medicare Set-Aside Account will be allowed to accrue in the account and will be used solely for medical expenses, that would otherwise be covered by Medicare.

4.  Reimbursement to Medicare - In the event CMS determines that Medicare has paid benefits prior to the depletion of funds in the Medicare Set-Aside Account that should have been paid from the set-aside account, CMS, or its designated fiscal intermediary or carrier, shall have the right to seek and receive reimbursement of any such conditional payments or overpayments from the Medicare Set-Aside Account to the extent that there are funds remaining in the account at that time.

5.  Accounting Records - The Employee shall maintain accurate records of the distributions and expenditures from the Medicare Set-Aside Account. Your records should indicate the date of service, the diagnosis, the service received, who received payment and the date of the payment. You shall also retain a receipt or other evidence of each and every payment made from the Medicare Set-Aside Account.

6.  Annual & Final Accountings - The Employee will submit an annual accounting to CMS' Medicare contractor for each calendar year no later 30 days from the anniversary date the following year. You shall notify CMS' Medicare contractor once the Set-Aside Account is depleted and shall submit a final accounting within 60 days of the funds being depleted. The annual and final accounting will include the information set forth in paragraph six and a copy of the receipt or other evidence of every payment made from the Medicare Set-Aside Account.

7.  Delivery of Notices & Accountings - Upon approval of the WCMSA allocation, CMS will issue instructions entitled, Administering Your Workers' Compensation Medicare Set-aside Arrangement (WCMSA), along with a self-attestation letter. Annual self-attestation should continue through depletion of the account. It is important that the administrator understands and complies with these instructions. The self-attestation letter must be signed and forwarded to CMS' Medicare contractor (listed on the approval letter from CMS) no later than 30 days after the end of each year (beginning with one year from establishment of the WCMSA account).

-2-

8. <u>Distributions Following Death of Beneficiary</u> - In the event that the Employee dies before the funds in the Medicare Set-Aside Account are depleted, the account will continue to exist for 180 days from the date of death to enable any outstanding bills for work-related injury medical expenses that would otherwise be covered by Medicare to be paid. After the 180 days has elapsed, any funds remaining in the Medicare Set-Aside Account shall be paid to the Employee's estate or subject to the State Law.

9. <u>Misappropriated Set-Aside Account Funds</u> - If, after the Medicare Set-Aside Account is depleted, the final accounting reveals that funds in the account were used to pay for items other than legitimate medical expenses for medical needs related to or resulting from the work-related injury, which would otherwise be covered by Medicare, CMS will withhold Medicare coverage for work-related injury medical expenses in an amount equal to the misappropriated funds.

I, ___Beth Moore-Laurea___ have read and understood the above-listed terms and conditions. I agree to abide by these terms and conditions in order to protect my ability to obtain Medicare coverage for my work-related injury medical expenses once the Medicare Set-Aside Account is depleted. I understand that if I fail to abide by the above-listed terms and conditions, I may not be eligible for Medicare coverage for my work-related injury medical expenses.

_____
Beth Moore

_____
8/6/14
Date

-3-

## Medicare Set-Aside Rider to Settlement Contract

CONSIDERATION OF MEDICARE'S INTERESTS IN SETTLEMENT PURSUANT TO 42 C.F.R. SECTIONS 411.46, 411.47 AND THE MEDICARE INTERMEDIARY MANUAL.   Pursuant to 42 C.F.R. Sections 411.46 and 42 C.F.R. Section 411.47 the Medicare Intermediary Manual, and the Medicare Carrier's Manual, a workers' compensation compromise and release must adequately consider Medicare's interests and cannot represent an attempt to shift a health care burden to Medicare.   The Workers' Compensation Medicare Set-Aside Arrangement ("MSA") as accepted by CMS and reflected in their letter dated August 11, 2010, will be funded in the amount of $328,403.00 with an initial payment of $40,563.00 to seed the MSA and annual periodic payments of $8,224.00 beginning August 15, 2015, payable for 35 years, only if Beth Moore is living, for Medicare Set-Aside expenses, payable to Beth Moore ("Payee"). This will constitute a reasonable consideration of Medicare's interests pursuant to the Medicare Secondary Payer program regulations in connection with Employee's work-related injury.  It is not the intention of Employer to shift responsibility of future medical benefits for Employee's work-related injuries to the Federal Government. The payments outlined herein will be used to establish a Medicare Set-Aside Fund at the time of settlement, is intended directly for payment of these expenses.   Upon proof that the Medicare Set-Aside Account is temporarily or permanently exhausted, Medicare-Covered expenses will be forwarded to Medicare for payment of covered expenses with proper documentation. It is the responsibility of Employee to submit bills related to the work-related injury or illness totaling the amount allocated before Medicare will make payment on any covered expense related to the work injury or illness.

The Medicare set-aside funds in this case are to be self-administered by the Employee.  Employee has been provided with the directives issued by CMS regarding Employee's rights and responsibilities in this regard. Medicare requirements for self-administered set-aside funds are outlined in Terms and Conditions for Beneficiary Administered Medicare Set-Aside Account, attached hereto.  Employee understands that the MSA funds must be placed in an interest bearing account, and this account must be separate from the individual's personal savings and checking accounts.  The funds in this account may only be used for payment of medical services related to the work injury that would normally be paid by Medicare.  If payments from this account are used to pay for services that are not covered by Medicare, Medicare will not pay injury related claims until these funds are restored to the MSA account, and then properly exhausted.  Employee further understands that annual reporting must be prepared for submission to Medicare to include summaries of the transactions and status of the account.  These summaries are to include the date of each service, procedure performed, diagnosis and paid receipt or canceled check.

All payments provided for herein constitute damages on account of personal physical injuries and/or physical sickness, within the meaning of Section 104(a)(1) of the Internal Revenue Code of 1986, as amended.     Employee acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Employee; nor shall the Employee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.  Employee

1

acknowledges and agrees that the Employer and/or the Insurer may make a "qualified assignment", within the meaning of Section 130(c) of the Internal Revenue Code, of 1986, as amended, of the Employer's liability to make the periodic payments set forth above to MetLife Tower Resources Group, Inc. ("the Assignee"). The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of Employer (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation. Any such assignment, if made, shall be accepted by the Employee without right of rejection and shall completely release and discharge the Employer from the Periodic Payments obligation assigned to the Assignee. The Employee recognizes that, in the event of such an assignment, the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the Employer shall thereupon become final, irrevocable and absolute. The Employer, themselves or through their Assignee, reserve the right to fund the liability to make the Periodic Payments through the purchase of an annuity policy from Metropolitan Life Insurance Company. The Employer or the Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. The Employer or the Assignee may have Metropolitan Life Insurance Company mail payments directly to the Payee. The Employee shall be responsible for maintaining a current mailing address with Metropolitan Life Insurance Company. The obligation of the Assignee to make each Periodic Payment shall be discharged upon the mailing of a valid check in the amount of such payment to the designated address of the Payee named above of the settlement document.

**I UNDERSTAND AND VOLUNTARILY AGREE TO ALL OF THE TERMS AND CONDITIONS OF THIS AGREEMENT.**

_Beth Moore-Clement_
Beth Moore

STATE OF ~~ILLINOIS~~ New Mexico )
COUNTY OF SOCORRO )

Subscribed and sworn before me this 10th day of August, 2014 by Beth Moore.

My Commission Expires: 3/1/2015

_Carleen B Gomez_
Notary Public

OFFICIAL SEAL
CARLEEN B. GOMEZ
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires 3/1/15

I, the undersigned attorney for Beth Moore state that I have reviewed each of the terms of the Medicare Set Aside Account with Employee.

_____          _____
Attorney for Employee               Attorneys for Employer

2

In Re:                                    )         BK No.:    13-81478
BETH LAURENT                              )
                                          )         Chapter:  7
                                          )         Honorable Thomas M. Lynch
                                          )
                                          )
            Debtor(s)                     )

## ORDER TO OBJECTION TO CLAIM 6-1

THIS MATTER coming on to be heard on the 9th day of April, 2014, on the Trustee's Motion to Object to Claim 6-1, notice having been sent to creditors and other parties in interest, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

A.   The Trustee's objection to claim 6-1 is sustained; and

B.   Claim 6-1 filed by Rockford Pain Center is deemed allowed as a tardily filed claim under 11 U.S.C. '726(a)(3):

Enter:

Dated:                                               United States Bankruptcy Judge

**Prepared by:**
Megan G. Heeg
Ehrmann Gehlbach Badger Lee & Considine, LLC
215 E. First Street, Suite 100
P.O. Box 447
Dixon, IL  61021
(815) 288-4949
(815) 288-3068 (FAX)
heeg@egblc.com

Rev: 20130103_bko

Also, Ms. Laurent/Reid, please know, if other creditors file claims before the case is closed, I am duty bound to pay those claims, as well, as late filed claims.

Further, be advised that I have been told that Mr. Laurent is unable to offer a lump sum payment at this time; and he plans to forward to my office, instead, the March 31st 2015 payment.

6)      If, after receipt of the March 31st 2015 payment from Mr. Laurent, you want to use your exempt work comp award to buyback the remaining MSA stream of payments, please advise, and, upon receipt of the payment from Mr. Laurent, I will calculate how much more the Estate should need to receive as a buy-out. However, you need to be aware that any offer would be subject to: 1) court approval; 2) your understanding and agreement that, to the extent other creditors file claims before the Estate makes its final distribution to creditors, you agree that that the Estate will receive from you such other additional money as is necessary to pay all claims in full -- up to a maximum of the current value of the stream of payments; 3) your understanding that the final distribution will not take place for approximately 4 months (I need to file a final report, the US Trustee's office has 90 days thereafter to review it, and that office files the Final Report with the court, giving all interested parties time to review and comment.)

*[handwritten margin note: Can I pay buy out & how much]*

*[handwritten note: Exk]*

7)      I have been advised that, in the past you may have communicated with one or more bankruptcy creditors and sought to pay them outside of the bankruptcy case. As I indicated to your prior bankruptcy attorney, as Trustee, I would consider any attempt on your part to circumvent the bankruptcy process to be an abuse; and if done, I will take such steps as are necessary to protect the bankruptcy system.

8)      Finally, you state that you did not receive a certain document filed in your bankruptcy case. I attach a copy of a prior notice and motion to approve.

Megan G. Heeg
Ehrmann Gehlbach Badger Lee & Considine, LLC
215 E. First Street
P.O. Box 447
Dixon, IL 61021
(815) 288-4949   ·
(815) 288-3068 (FAX)
@egblc.com

Be advised that any federal tax advice in this communication, including any attachments or enclosures, was not intended or written to be used, and it cannot be used, by any person or entity for the purpose of avoiding penalties imposed under the Internal Revenue Code.

This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the name recipient(s), please notify the sender at either the e-mail address or telephone number above and delete it from your computer.

*[handwritten note: Mr Moore not Mr Laurent]*

## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

*FILE COPY*

IN RE:      **Beth Laurent**                    )
                                                )
              **Debtors**                       )        **Case No: 13-81478**
                                                )        **Chapter 7**
                                                )

### NOTICE OF HEARING ON MOTION TO WITHDRAW AS COUNSEL FOR DEBTOR

TO:   Trustee  Megan Heeg          US Trustee via ECF
        Via ECF

                                    Beth Laurent, 503 Kelly Rd, POB 1331
                                    Magdalena, NM 87825
                                    (Via regular and registered mail)      *ExL*

                                    See attached creditor list

       YOU ARE HEREBY NOTIFIED that on the  18th day of March , 2015 at 9:30 am, or soon thereafter as Counsel may be heard, I shall appear before his Honor Judge Lynch, in the room usually occupied by him as a Court Room, or in his absence, before any other judge that may be presiding in said Court Room, at the Bankruptcy Court, 327 S. Church, Federal Building, Rockford, Illinois, 61101 for a Hearing on a Motion  to Withdraw as Counsel,  a copy of which is attached hereto. At which time and place you may appear, if you so desire.

### PROOF OF SERVICE

Under penalties as provided by law the undersigned certifies that the attached notice of hearing was served on the persons as listed above by mailing a copy thereof via certified mail and depositing same in United States Mail with proper postage at 10 N. Galena Ave., Freeport, IL 61032 at or before 5:00 p.m. on ____
_____3/2/15_____.

                        Signed  by: _____

Mark E. Zaleski, Attorney at Law
10 N. Galena Ave., #220
Freeport, IL 61032
815-233-0995

## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

In re: LAURENT, BETH A.                §     Case No. 13-81478-TML
                                       §
                                       §
                                       §
Debtor(s)                              §

## NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATIONS FOR COMPENSATION
## AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P.2002(a)(6) and 2002(f)(8), please take notice that
STEPHEN G. BALSLEY_____, trustee of the above styled estate, has filed a
Final Report and the trustee and the trustee's professionals have filed final fee applications,
which are summarized in the attached Summary of Trustee's Final Report and Applications
for Compensation.

The complete Final Report and all applications for compensation are available for
inspection at the Office of the Clerk, at the following address:

U.S. Courthouse
327 South Church Street
Room 1100
Rockford, IL 61101

*Exhibit M*

Any person wishing to object to any fee application that has not already been approved or
to the Final Report, must file a written objection within 21 days from the mailing of this notice,
serve a copy of the objections upon the trustee, any party whose application is being challenged
and the United States Trustee. A hearing on the fee applications and any objection to the Final
Report will be held at 09:00AM on 05/22/2019 in Courtroom 3100, United States Courthouse,
U.S. Courthouse
327 South Church Street
Courtroom 3100
Rockford, IL 61101.
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay
dividends pursuant to FRBP 3009 without further order of the Court.

**UST Form 101-7-NFR (10/1/2010)**

In re: LAURENT, BETH A.                         §    Case No. 13-81478-TML
                                                §
                                                §
Debtor(s)                                       §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---|
| *The Final Report shows receipts of* | $ | 69,347.20 |
| *and approved disbursements of* | $ | 58,478.36 |
| *leaving a balance on hand of* [1] | $ | 10,868.84 |

**Balance on hand:**              $          10,868.84

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors:   $          0.00
Remaining balance:                        $    10,868.84

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - MEGAN G. HEEG | 4,424.07 | 4,424.07 | 0.00 |
| Trustee, Expenses - MEGAN G. HEEG | 21.76 | 21.76 | 0.00 |
| Attorney for Trustee, Fees - Barrick, Switzer, Long, Balsley & Van Evera | 2,372.50 | 2,015.00 | 357.50 |
| Attorney for Trustee, Expenses - Ehrmann Gehlbach Badger Lee & Considine, LLC | 66.25 | 66.25 | 0.00 |
| Trustee, Fees - STEPHEN G. BALSLEY | 1,963.45 | 1,749.85 | 213.60 |
| Attorney for Trustee Fees - Ehrmann Gehlbach Badger Lee & Considine, LLC | 7,312.25 | 7,312.25 | 0.00 |

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00

Remaining balance: $ 10,297.74

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims: $ 0.00

Remaining balance: $ 10,297.74

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 13,261.65 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | FIA CARD SERVICES, N.A. | 417.50 | 417.50 | 0.00 |
| 2 | Quantum3 Group LLC as agent for | 1,214.51 | 1,214.51 | 0.00 |
| 3 | Portfolio Recovery Associates, LLC | 9,207.88 | 9,207.88 | 0.00 |
| 4 | Portfolio Recovery Associates, LLC | 731.01 | 731.01 | 0.00 |
| 5 | Capital One, N.A. | 1,690.75 | 1,690.75 | 0.00 |

Total to be paid for timely general unsecured claims: $ 0.00

Remaining balance: $ 10,297.74

**UST Form 101-7-NFR (10/1/2010)**

to be 100.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 6 | Rockford Pain Center | 32,899.41 | 29,534.10 | 3,365.31 |

Total to be paid for tardy general unsecured claims: $ 3,365.31

Remaining balance: $ 6,932.43

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00

Remaining balance: $ 6,932.43

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.1% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $335.71. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $6,596.72.

**UST Form 101-7-NFR (10/1/2010)**